UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 09 CR 383-05 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| ALFREDO VASQUEZ HERNANDEZ, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Presently before the Court is the motion of Alfredo Vasquez Hernandez ("Defendant") seeking a modification of his sentence under 18 U.S.C. § 3582(c)(2). (R. 458.) For the following reasons, the motion is denied.

The Court has limited authority to modify a sentence after it is imposed. *See* 18 U.S.C. § 3582(c). A sentence may be modified under the following circumstances:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction in a defendant's sentence is not authorized under 18 U.S.C. § 3582(c)(2), and is not consistent with the applicable policy statements, if the amendment would not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10, Application Note 1(A).

In April 2014, Defendant pled guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. (R. 315, Plea Agreement.) He admitted that as part of the

conspiracy he had arranged a shipment of approximately 276 kilograms of cocaine from California to Chicago in November 2008. (*Id.* at 2-3.) At the sentencing hearing held on November 24, 2014, the Court made several rulings that were favorable to Defendant, including holding him responsible only for the 276 kilograms of cocaine, even though the government presented evidence that he had been involved in transporting multi-ton quantities of cocaine during the course of the conspiracy. (R. 364, Sentencing Tr. at 10-11.) Over the government's objection, the Court also applied the 2014 version of the U.S. Sentencing Guidelines—which were more favorable to Defendant—even though the conduct underlying the conviction occurred in 2008. (*Id.* at 15.) The result was a two-level reduction in Defendant's base offense level, from 38 to 36, in light of the amendments that had been made to the drug quantity table contained in U.S.S.G. § 2D1.1(c) effective November 1, 2014. (*See id.* at 14-15.) Combined with Defendant's criminal history category of I, this yielded a sentencing range of 188 to 235 months. (*Id.* at 16.) The Court ultimately imposed an above-guidelines sentence of 264 months after considering the sentencing factors contained in 18 U.S.C. § 3553. (*Id.* at 26.) Defendant's sentence was affirmed by the U.S. Court of Appeals for the Seventh Circuit. *United States v. Vasquez-Hernandez*, 834 F.3d 852 (7th Cir. 2016).

At present, Defendant seeks a modification of his sentence pursuant to Amendment 782 to the Sentencing Guidelines, which lowered the base offense levels for drug quantities listed in § 2D1.1(c). *See* U.S.S.G. § 1B1.10(d); *id.*, Suppl. to App'x C, amend. 782 (Nov. 1, 2014). Amendment 782 does not have the effect of lowering Defendant's applicable guideline range, however, because he already received the benefit of the two-level reduction when the Court applied the 2014 version of the Sentencing Guidelines at sentencing. (*See* R. 364, Sentencing Tr. at 14-15.) Therefore, his motion is denied.

## CONCLUSION

For these reasons, Defendant's *pro se* motion for modification of his sentence (R. 458) is DENIED.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: February 13, 2017