UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. 09-cr-383-5 |
| v. | ) Judge Sharon Johnson Coleman |
| ALFREDO VASQUEZ-HERNANDEZ | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Alfredo Vasquez-Hernandez, age 68, files his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), alleging that the inadequate medical treatment he has received for several health conditions while incarcerated, coupled with his post-sentencing rehabilitation efforts, present extraordinary and compelling reasons warranting his release. Vasquez-Hernandez also requests that the Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2); § 1B1.10 of the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines"); and Amendment 821 Part B Subpart 1 ("Adjustment for Certain Zero-Point Offenders," designated at § 4C1.1). The government opposes these motions. Because Vasquez-Hernandez has not presented extraordinary and compelling reasons warranting relief, and because the Adjustment for Certain Zero-Point Offenders does not apply to him, the Court denies Vasquez-Hernandez's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and sentence reduction under Amendment 821 Part B without prejudice.

**Background**

On January 6, 2011, Vasquez-Hernandez was arrested and taken into federal custody. On April 29, 2014, Vasquez-Hernandez pled guilty to transporting almost 276 kilograms of cocaine from California to Illinois in violation of 21 U.S.C. §§ 841 and 846. On November 24, 2014, U.S. District Court Judge Castillo sentenced Vasquez-Hernandez to 264 months (twenty-two years) imprisonment

and five years of supervised release on this count. This sentence was 29 months more than the top-end of the 188–235 months provided by the Guidelines based on a total offense level of 36 and a Criminal History Category of 1. (Dkt. 1002.) Vasquez-Hernandez filed a prior motion for compassionate release before the Court on February 17, 2021, seeking immediate compassionate release due to circumstances stemming from the COVID-19 pandemic. (Dkt. 862.) The Court denied this motion. (Dkt. 888.)

Vasquez-Hernandez is currently incarcerated at the Federal Correctional Institution Fort Dix (FCI Fort Dix) and, as of the date of this Order, has served over thirteen years of his sentence. Vasquez-Hernandez's current projected release date is October 4, 2028. The government does not contest that Vasquez-Hernandez has exhausted his administrative remedies.

**Discussion**

*A. Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)*

To be granted compassionate release, a defendant must show that "extraordinary and compelling" reasons warrant such reduction and that the reduction is consistent with the sentencing factors referenced in 18 U.S.C. § 3553(a). *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).

In his motion, Vasquez-Hernandez alleges that he is experiencing significant medical issues while in the custody of the Bureau of Prisons and is not receiving adequate medical care for these issues. (Dkt. 990.) These medical issues include high blood pressure (hypertension), high cholesterol (hyperlipidemia), low-back pain (lumbago), diabetes, enlarged prostate (hypertrophy), obesity, and "long COVID" complications. To support his claim that he is not receiving adequate medical care for these issues, Vasquez-Hernandez points to reports that critique BOP's medical care and prior and ongoing lawsuits concerning medical negligence and denials of care at FCI Fort Dix. *Id.* Vasquez-Hernandez also claims that FCI Fort Dix is "severely understaffed," which results in an "uphill battle to be seen or heard, or to get an appointment" at the prison. *Id.*

While medical negligence and denial of care can present extraordinary and compelling grounds warranting compassionate release, Vasquez-Hernandez has not demonstrated that he himself is experiencing such extraordinary conditions. Instead, Vasquez-Hernandez details that he is currently receiving medication for his hypertension, hyperlipidemia, hypertrophy, low-back pain, and diabetes conditions. With this medication regime in place, his primary concerns are that BOP: (1) has not assessed potential renal issues that could arise from his low-back pain medication; (2) does not have access to diabetic-friendly menu options; (3) has not yet assessed the risk of cancer due to his hypertrophy; and (4) has not yet referred him for surgery or physical therapy due to a tendon rupture in a finger on his left hand.

As described, neither this treatment plan nor pending treatment indicate severe medical negligence or denial of care that rises to the level of "extraordinary and compelling" reasons necessary to warrant compassionate release. And while the Court is encouraged by Vasquez-Hernandez's good conduct while incarcerated and efforts towards rehabilitation, these steps do not so outweigh the harm caused by his actions as to compel his release under 18 U.S.C. § 3553(a). As the Court described in its order denying Vasquez-Hernandez's prior motion for compassionate release, Vasquez-Hernandez pled guilty to a serious crime. As a leader of the Sinaloa Cartel, he admitted to participating in a conspiracy to transport narcotics. In doing so, Vasquez-Hernandez participated in a conspiracy that involved violence and threats of violence, even though Vasquez-Hernandez himself may not have held a gun or ordered violence himself. Further, the interstate transporting of 276 kilograms of cocaine is a substantial amount of narcotics. The severity of this crime weighs against any mitigation that could be provided by § 3553(a).

For these reasons, the Court denies Vasquez-Hernandez's motion for compassionate release.

B. *Motion for sentence reduction under 18 U.S.C. § 3582(c)(2)*

Section 3582(c)(2) sets forth a two-step approach to determining sentence reductions. *Dillon v. United States*, 560 U.S. 817, 827, 130 S. Ct. 2683, 117 L. Ed. 2d 271 (2010). At the first step, the court must determine if the prisoner is eligible for a sentence modification and the extent of the reduction authorized under U.S.S.G. § 1B1.10. Then at the second step, the court must consider any applicable § 3553(a) factors and determine whether, "in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

Here, Vasquez-Hernandez argues he qualifies for a sentence reduction under the "Adjustment for Certain Zero-Point Offenders" provided by U.S.S.G. § 4C1.1. Section 4C1.1 provides a two-level decrease in offense level if a defendant meets certain enumerated criteria. Specifically, criteria § 4C1.1(a)(10) requires that a defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848."

At issue here is how this criterion should be interpreted. Vasquez-Hernandez argues that § 4C1.1(a)(10) should be read conjunctively as requiring a defendant to have both not received a § 3B1.1 adjustment *and* not have been engaged in a continuing criminal enterprise as defined by 21 U.S.C. § 848. In his motion, Vasquez-Hernandez concedes that at sentencing, the court applied a § 3B1.1 adjustment to his conviction for being "an organizer, leader, manager, or supervisor in any criminal activity." But because he was not also convicted of a 21 U.S.C. § 848 offense, Vasquez-Hernandez argues that he does meet the second prong of § 4C1.1(a)(10) and therefore qualifies for the adjustment. Applying this reduction would reduce Vasquez-Hernandez's total offense level from 36 to 34, with a corresponding reduced guideline range from 188–235 months down to 151–188 months. Accounting for the additional 29 months that were added to the guidelines range, the

resulting proportionate sentence would be 212 months imprisonment, placing Vasquez-Hernandez's release date at January 2025. (Dkt. 1002.)

The government disputes this argument. Recognizing that the question is a matter of first impression for the court, the government argues that the language in § 4C1.1(a)(10) tracks the safety valve eligibility language in 18 U.S.C. § 3553(f)(2)(4), which reads "the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise." (Dkt. 1013.) In *United States v. Draheim*, the Seventh Circuit rejected the premise that "the use of the conjunctive 'and'" in the safety valve required the government to prove "both that [the appellant] was not an 'organizer, leader, manager, or supervisor' and that he was not engaged in a [continuing criminal enterprise]." 958 F.3d 651, 657 (7th Cir. 2020) (quoting *United States v. Bazel*, 80 F.3d 1140, 1142 (6th Cir. 1996). Accordingly, the government argues, the same interpretation should be similarly applied to the language in § 4C1.1(a)(10). In reply, Vasquez-Hernandez states that this safety-valve language is not applicable to § 4C1.1(a)(10), arguing that the Seventh Circuit "forced a redundancy in order to follow the legislative history specific to the safety valve." (Dkt. 1014.)

Adopting the Seventh Circuit's analysis of the comparable language in 18 U.S.C. § 3553(f)(2)(4), the Court rejects Vasquez-Hernandez's interpretation. Section 4C1.1(a) requires that a defendant meet *all* the listed criteria, including that he "did not receive an adjustment under § 3B1.1" and "was not engaged in a continuing criminal enterprise." Because Vasquez-Hernandez cannot meet the first prong of § 4C1.1(a)(10), he cannot meet all the criteria required by § 4C1.1(a). As such, the Adjustment for Certain Zero-Point offenders does not apply to Vasquez-Hernandez, and he is not eligible for relief under Amendment 821 Part B.

**Conclusion**

The Court denies Defendant Alfredo Vasquez-Hernandez's motion for compassionate release without prejudice, because he has not demonstrated extraordinary and compelling circumstances warranting such relief [990]. The Court further denies Defendant's motion for relief under Amendment 821 Part B without prejudice, as the Adjustment for Certain Zero-Point Offenders does not apply to the Defendant [990].

**IT IS SO ORDERED.**

Date: 10/23/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge